

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00115-CR

JAMES CLAYTON GARRETT                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1419884D

----------

## MEMORANDUM OPINION[1]

----------

Appellant James Clayton Garrett entered an open plea of guilty to robbery causing bodily injury and pleaded true to a repeat offender notice. Following the preparation of a presentence investigation report, the trial court conducted a punishment hearing, convicted Garrett of the underlying offense, and sentenced him to ten years' confinement.

---

[1]*See* Tex. R. App. P. 47.4.

Garrett's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Garrett of his motion to withdraw, provided him a copy of the motion and brief, informed him of his right to file a pro se response, informed him of his right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Garrett's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court informed Garrett that he may file a pro se response to counsel's brief, and he did so. The State did not submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw*. See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Garrett's pro se response, and we agree with counsel that this appeal is wholly frivolous and

2

without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 22, 2016

3